IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARYL ORTEGA,

        Plaintiff,

vs.                                                   Civ. No. 98-594 SC/WWD

STEVE MIERA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte*. I recently imposed sanctions against Plaintiff in the amount of $934.51 in attorney fees and costs for failing to appear at his deposition. On February 22, 1999, in a response served in connection with Defendants' motion to compel, Plaintiff represented that he had fully complied with the sanction order necessarily implying that the payment of $934.51 had been made to Defendants. On February 23, 1999, in his Reply, Defendants' counsel stated the following, to wit:

> He [Plaintiff] has paid nothing despite numerous requests to do so. The last one made to his counsel on February 18, 1999.

As defense counsel now acknowledges, the payment in question was made on February 9, 1999. Defense counsel states that he was misinformed by his staff. Mistakes happen. When a lawyer's honor is called into question in a filed pleading by a righteous but mistaken assertion which also misleads the Court as to what is actually going on, the Court should make an entry indicating the true state of affairs. Simply put, Plaintiff's counsel, Linda M. Vanzi and Andrew

Vallejos, were correct when they indicated that their client had paid the sanction imposed against him by the Court. Defense counsel, J. E. Casados, was mistaken when he made a contrary assertion. The ruling I made allowing the taking of Plaintiff's deposition is unaltered. Plaintiff need not comply with the portion of my Order directing the submission to me of any evidence they may have with respect to payment or nonpayment of the sanctions imposed in my Order of December 8, 1998.

_____
UNITED STATES MAGISTRATE JUDGE